FILED
SUPERIOR COURT
OF GUAM

2021 JAN 27 PM 1:55

CLERK OF COURT

By:

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0480-20 |
| | ) | |
| | ) | |
| vs. | ) | DECISION AND ORDER RE. |
| | ) | DEFENDANT'S ORAL MOTION TO |
| ROBITO DESAMITO CARPO, JR., | ) | EXCLUDE PEOPLE'S WITNESSES |
| (DOB: 09/07/1968), | ) | AND FOR DISMISSAL |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.    INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on January 26, 2021 for a Pretrial Conference in the above-captioned matter. Defendant Robito Desamito Carpo, Jr.'s ("Defendant") Jury Selection and Trial (Asserted) is scheduled to commence on Monday, February 1, 2021. Defendant is represented by Assistant Public Defender Zachary Taimanglo ("Defense Counsel"). Assistant Attorney General Rolland Wimberley respresents the People of Guam ("People").

During the Pretrial Conference, Defense Counsel orally moved the Court for an order precluding the People from calling any witnesses during the trial due to its failure to file its Witness List by January 20, 2021, as ordered by the Court in its Criminal Trial Scheduling Order [Asserted] of January 6, 2021 and Amended Order of January 25, 2021. *Criminal Trial Scheduling Order [Asserted]* (Jan. 6. 2021); *Amended Criminal Trial Scheduling Order [Asserted]* (Jan. 25, 2021)(collectively, "the Scheduling Orders"). In conjunction with the request to preclude the prosecution's witnesses, Defendant asks this Court to dismiss the case

against Defendant. The People opposed Defendant's order, but admitted that it failed to comply with the deadlines as ordered by the Court in the Scheduling Orders.

After considering the Parties' oral arguments presented at the Pretrial Conference, the record on file with the court, and the applicable statutes and case law, the court now issues this Decision and Order <u>DENYING</u> DEFENDANT'S MOTION for the reasons set forth herein.

## II.    BACKGROUND

Defendant was indicted on November 23, 2020 for the following offenses:

1)    First Degree Criminal Sexual Conduct (as a 1st Degree Felony);
2)    *Two Counts* of Second Degree Criminal Sexual Conduct (as a 1st Degree Felony); and
3)    Attempted Second Degree Criminal Sexual Conduct (as a 1st Degree Felony).

Defendant asserted his right to a speedy trial on November 23, 2020 and was arraigned on December 2, 2020, where he confirmed his assertion of the right to a speedy trial. Prior to the issuance of the Indictment, on October 16, 2020, Defense Counsel filed a Request for Disclosure seeking the production of discovery materials pursuant to 8 GCA § 65.25(b). On December 29, 2020, Defense Counsel filed a Motion to Compel Discovery ("Motion to Compel") asking for any and all Healing Hearts materials, expert disclosures, photographs or videos, CPS materials and juvenile and criminal records of alleged victims and witnesses. *Mot. to Compel Discovery* at 2 (Dec. 29, 2020). On January 21, 2021, the Court heard the Motion to Compel and issued an Order After Hearing granting Defendant's request. The People were ordered to turn over all materials to Defendant by the close of business on January 22, 2021. No additional material has been presented to Defense Counsel.

The January 6 Criminal Trial Scheduling Order ordered the parties to file all motions and witness lists by January 20, 2021. The January 25 Amended Scheduling Order did not modify any of the filing deadlines but only changed the Jury Selection date to February 1. During the

Pretrial Conference on January 26, 2021, Defense Counsel complained that the People had not filed its Witness List as ordered by the Court; therefore, he argued, the People should be precluded from calling any of its witnesses to testify at trial. If the Court were to exclude the People's witnesses, Defendant argued that it would be appropriate to also dismiss the case against him because the People would not be able to satisfy its burden of proof without witnesses. *Pretrial Conf.* at 10:05:58 (Jan. 26, 2021). Although the People admitted that it failed to file its Witness List by the deadline of January 20, it objected to the sanction of excluding the witnesses and to dismissal, and argued that the Defendant is on notice, by the materials produced to him during discovery, of the individuals who could be called to testify in this case. The People still had not filed its Witness List by the January 26 pretrial conference hearing, but was filed shortly after that hearing, at 11:51 A.M. together with the People's proposed Voire Dire, Proposed Jury Instructions and People's Exhibit List, all of which were also due on January 20.

At the Pretrial Conference, the Court ordered the parties to file by the close of business on January 26, 2021, "a complete set of marked exhibits (two (2) copies to be lodged with the court and exhibits shall be placed in three-ring binders with each page of exhibits marked)" as set forth in the Scheduling Orders. Defendant timely submitted its exhibit binders as ordered. As of the issuance of this Decision and Order, the People have not submitted its exhibit binders to the Court despite clear and specific instructions on how to do so. *Pretrial Conference* at 10:25:46 (Jan. 26, 2021).

## III. LAW AND ANALYSIS

Defendant argues that the People have failed to comply with the discovery orders of the Court because he was not provided with any new discovery after the Court ordered the Prosecution to disclose the materials specified in his Motion to Compel. Additionally, at the time of the Pretrial Conference, the People still had not filed its Witness List and, therefore,

Defendant was unable to prepare adequately for trial. Consequently, Defendant argues that the Court should preclude the People from calling any witnesses at trial and asks for the case to be dismissed. The Defendant continued that the People have wholly disregarded an order of the Court and the appropriate sanction is preclusion and dismissal. The People object to the Defendant's request, but do not provide an alternative remedy.

a.      **Dismissal is a disfavored remedy.**

Guam Law is well established that dismissal of the case is a disfavored remedy when it comes to sanctions for discovery violations. "Generally speaking, "[t]he sanction of dismissal is a disfavored remedy." *People v. Martinez*, 2017 Guam 23, ¶ 14 (Guam Dec. 28, 2017); *quoting People v. Tuncap,* 1998 Guam 13 ¶ 26. Absent flagrant and prejudicial prosecutorial misconduct, dismissal of an indictment is an inappropriate sanction. *People v. Naich,* 2013 Guam 7 ¶ 33. The Supreme Court of Guam has determined that the best policy is to apply sanctions which affect the evidence at trial and the merits of the case *as little as possible*, which usually requires that the court impose the least severe sanction that will accomplish the desired result of prompt and full compliance with the parties' discovery obligations. *Martinez,* at ¶ 14.

The Court finds that the People failed to comply with the Court's Order to Compel Discovery and the mandates established by the Court's Scheduling Orders. No disclosures were made following the Order After Hearing compelling the production of the additional evidence and the People failed to the file its witness list by the date set forth in the Scheduling Orders. It was not until after the Court declared its displeasure with the People's disregard of its ordered deadlines and the Defendant's oral motion to exclude and dismiss that the People filed the Witness List and accompanying pleading – nearly a full week after the deadline ordered by the Court had expired and months after the Indictment was filed, Defendant entered a not guilty plea and asserted his right to a speedy trial.

However, as the Court noted during the Pretrial Conference, the charges against the Defendant in this case are very serious as he is being charged with First Degree Criminal Sexual Conduct (as a 1st Degree Felony), Two Counts of Second Degree Criminal Sexual Conduct (as a 1st Degree Felony), and Attempted Second Degree Criminal Sexual Conduct (as a 1st Degree Felony). The alleged victim in this case is a minor and is alleged to have been under the age of 14 at the time of the offenses for which Defendant is charged. The Defendant has asserted his right to a speedy trial which is scheduled to commence on Monday, February 1, 2021. The People argue that the Defendant has had notice and adequate time to prepare for the examination of any of its witnesses who would be called to testify at trial who are also identified in the discovery already produced to the Defendant. With respect to any reports or other discovery not produced as ordered, the People agree that it may be precluded from offering any such materials at the trial. The Court considers all of this factors and the applicable law disfavoring dismissal in denying the Defendant's motion to dismiss for the People's failure to file its Witness List. Guam law only requires that the Court give a Defendant five days' notice[1] after entering his plea before setting the matter for trial and finds that the late filing of the Witness List, even beyond the date set forth in the Scheduling Orders but with sufficient time to prepare for trial, does not prejudice the Defendant such that a dismissal is warranted under the circumstances.[2]

b.      **Preclusion of the People's witnesses is not an appropriate remedy under the circumstances.**

Defendant argues that the People's failure to comply with the Scheduling Orders mandating the filing of Witness Lists by January 20, taken together with other purported

---

[1] 8 GCA § 80.40.

[2] The Court reserves its authority to impose the appropriate sanction upon the People for completely disregarding the filing deadlines set forth in the Scheduling Orders as though they were mere suggestions, rather than strict court-ordered deadlines. The Court will address these violations separately; however, the People are on notice that the

discovery violations substantially prejudice the Defendant and prevent him from being able to adequately defend his case. The Court notes first that the People admit that requests for the production of outstanding discovery have been made to the respective agencies within their control, but as of the date of the pretrial conference, has not been provided to the People. The Court considers whether the failure to produce these reports and to file its Witness List by the deadline set forth in the Scheduling Orders warrants the exclusion requested by the Defendant.

When a discovery violation has occurred, the Court considers four factors in determining whether a particular sanction, such as exclusion of evidence, is appropriate under the circumstances: (1) the reasons why the disclosure was not made; (2) the extent of prejudice, if any, to the opposing party; (3) the feasibility of rectifying that prejudice by a continuance; and (4) any other relevant circumstances. *Martinez, supra,* at ¶ 15. Further, when determining sanctions for a discovery violation, the Supreme Court has stated that it is not dispositive for the trial court to specifically analyze each of the factors in depth. *Id.* at ¶ 16.

During the Pretrial Conference, the People stated that efforts were on-going to determine whether additional discovery (Healing Hearts reports, etc.) had not been provided to the Defendant, and that the result of those efforts had been shared with Defense Counsel. The People object to being precluded from calling its witnesses on the basis of its failure to file its list, arguing that Defendant has been put on notice, by the discovery already provided to him, of the identities of the individuals whom the People intend to call at trial. *Pretrial Conf.* at 10:08:05 to 10:08:49 (Jan. 26, 2021). The People did not give the Court a reason why it had failed to comply with the deadlines in the Scheduling Order, only that such failure should not result in the People being prevented from calling witnesses at trial.

Court may consider any future acts in disregard of its orders to constitute contumacious behavior as defined in 7

In *Martinez*, the Supreme Court agreed with the trial court's finding as to the first factor, that there did not appear, in that case, to be any bad faith on the part of the People regarding the discovery violations that occurred and instead were the result of a series of mistakes. While this Court is shocked at the complete disregard of the filing deadlines which are set by the trial courts with the goal of ensuring efficiency of the judicial process, it cannot find malicious conduct or bad faith on the part of the People justifying preclusion of witnesses in this case.[3]

The Court next considers that the Defendant has not been severely prejudiced by the People's failure to file timely file its witness list. Under 8 GCA § 80.40 the defendant is entitled to only five (5) days from the date he enters his plea to prepare for trial. When the defendant has asserted his right to a speedy trial, the trial court is required to commence trial within forty-five days if the defendant is incarcerated (as is the case here) from arraignment, under 8 GCA § 80.60(a)(2).[4] Therefore, once a defendant has asserted his right to a speedy trial, the court must bring the case to trial between five and forty-five days (subject to any tolling, as by the Supreme Court Administrative Rules). Here, the People filed its witness list on January 26, which the Court finds allows the Defendant sufficient time to prepare for trial. 8 GCA §§ 80.40 and 80.60. Additionally, the People, prior to the Defendant's Motion to Compel Discovery, have provided the Defendant with a purported thirty-five pages of discovery, so the Defendant has not been without any notice of who the People may call to testify as witnesses in their case-in-chief.

---

GCA § 34101.

[3] Unfortunately, this is not the first instance in which the People have wholly disregarded or failed to comply with court ordered deadlines governing the procedure in asserted and non-asserted criminal jury trials, treating the deadlines as mere suggestions, rather than mandates. This Court has called the Office of the Attorney General to task on several previous occasions for its failure to comply with filing and submission deadlines. Perhaps if this conduct were a rare occurrence, there would be less of a concern that this issue was systemic and either deliberate or negligent. However, this issue will not be addressed in this Decision and Order, but reserved for later action by this Court.

[4] As tolled by Supreme Court Administrative Order No. 21-01 to February 28, 2021.

Under consideration of the third factor of *Martinez,* continuing the trial to allow for more time to review the witness list or further disclosures made by the People is inappropriate because the Defendant has asserted his right to a speedy trial. The Supreme Court in *Tuncap, supra,* held that the defendant asserted speedy trial and did not need to request a continuance as an alternative remedy for the disclosure violation. However, they also mentioned that he received the material eight days before trial, giving him time to review the evidence, thus rectifying prejudice, if any. *Tuncap* at ¶ 29. As noted, the Defendant received the People's untimely filed witness list with a week remaining before Jury Selection and Trial is scheduled to commence. For these reasons, a continuation of the trial start date would not be appropriate as a remedy for the People's failure to disclose; but, in any event, is not necessary under the circumstances.

Although the Court will not exclude the People's witnesses nor dismiss this case because of the People's tardy filing of its Witness List, the Court cannot ignore what seems to be becoming a regular practice by the People to disregard, whether intentionally or not, the procedural orders of this Court as memorialized in its Scheduling Orders.[5] Procedural orders are of no less value or consequence than substantive orders and, in fact, time is of the essence when a Defendant has asserted his right to speedy trial; therefore, the Court is compelled to enforce order in the proceedings before it and to provide for the orderly conduct of proceedings over which it presides. 7 GCA § 7107 (b), (c). Further, the Court is authorized, if not expected, to "compel obedience to its ... orders and process" and "to control in furtherance of justice, the conduct of ... all other persons in any manner connected with a judicial proceeding before it in

---

[5] This failure by the People comes on the heels of its late submission of its witness list in *People v. Hewinin,* Criminal Case No. CF0133-18-02, which commenced trial on December 11, 2020. In that case, the People did not submit its witness list until one day prior to the commencement of Jury Selection and Trial. However, the Defendant did not object in that case. It is noteworthy to mention that the late submission of witness lists compromises the Court's ability to timely notify counsels of any potential conflict of interest that might require disclosure by the Court (including its courtroom and chamber staff) to the parties under the Model Code of Judicial Conduct.

every matter appertaining thereto." 7 GCA § 7107(d), (e). As such, the Court will address the People's failure by separate process and sanction as appropriate under the circumstances. For now, the Court finds that the interests of justice require it to focus on the adjudication of the matter before it, but cautions the People that any future non-compliance with its orders may subject it to swift and immediate sanctions.

IV.    **CONCLUSION**

For the reasons discussed herein, the Court hereby **DENIES** Defendant's oral Motion to Preclude the People's Witnesses or to Dismiss the Case. A continued pre-trial conference is scheduled for **Thursday, January 28, 2021, at 9:00 A.M.** THIS IS AN IN-PERSON HEARING. JURY SELECTION AND TRIAL will commence as scheduled on **Monday, February 1, 2021**.

**SO ORDERED** this _January 27, 2021_.

_(signature)_

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, PDSC
(Basil O.S, Zach T.)
Date: 1/27/21  Time: 2:15

Deputy Clerk, Superior Court of Guam